UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv525-FDW

| | |
|---|---|
| GREGORY LYNN GORDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SUSAN R. WHITE, et al., ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Gregory Lynn Gordon's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, according to his Petition, pled guilty on June 13, 2014 in Union County Superior Court to possession of cocaine. (Pet. 4, Doc. No. 1.) He also entered a "no contest" plea to attempted escape and admitted attaining the status of habitual felon. (Pet. 4.) He was sentenced to 101-131 months in prison. (Pet. 4.)

On May 8, 2015, Petitioner filed a motion for appropriate relief ("MAR") in the Union County Superior Court. (Pet. 4.) It was denied on September 9, 2015. (Pet. 4.) Petitioner next filed a petition for writ of certiorari seeking review of the denial of his MAR. It was denied by the North Carolina Court of Appeals on October 9, 2015. (Pet. 4.) Petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court on October 7, 2015, which was dismissed on January 28, 2016. State v. Gordon, 781 S.E.2d 609 (N.C. 2016) (Mem.).

Petitioner filed the instant Petition on April 29, 2016. (Pet. 22.) After conducting an

1

initial review, the Court notified Petitioner that his habeas Petition appeared to be untimely and provided him an opportunity to explain to the Court why it should not be dismissed as such. (Doc. No. 6.) Petitioner filed a response to the Court's Order on October 3, 2016. (Doc. No. 7.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.
Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on June 13, 2014, when Petitioner was sentenced. To the extent Petitioner retained a right to a direct appeal subsequent to his guilty pleas, he had 14 days to file the notice of appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his conviction became final on or about June 27, 2014, when the time for seeking review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 307 days until Petitioner filed his MAR on May 8, 2015. The limitations period was tolled until October 9, 2015, when the North Carolina Court of Appeals denied Petitioner's certiorari petition. See § 2244(d)(2). The statute of limitations was not tolled while Petitioner's certiorari petition was pending in the North Carolina Supreme Court. Only a "properly filed" application for state post-conviction relief will toll the statute of limitations. See § 2244(d)(2). "Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C. Gen. Stat. § 7a-28(a)); see also N.C. R. App. P. 21(e) (providing that certiorari petitions seeking review of MARs in non-capital cases "shall be filed with the Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases"). Because Petitioner was not entitled to petition the North Carolina Supreme Court for further review, his certiorari petition in that court was not a "properly filed" application for state post-conviction review.

The statute of limitations ran for another 58 days until it finally expired on or about

3

December 6, 2015, almost five months before Petitioner filed the instant habeas Petition. Thus, absent statutory or equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner proffers several grounds for why his habeas Petition should not be dismissed as untimely. According to Petitioner, he has filed multiple motions in the Union County Superior Court, since November 2015, attempting to obtain documents from his criminal case. (Resp. 1-2, Doc. No. 7.) Although he was able to obtain some of the documents prior to filing this action, he was not able to obtain others, which he attributes to ineffective assistance of trial counsel and unspecified "government interference" (Resp. 1-2). See § 2244(d)(1)(B) (providing that the statute of limitations begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.")

As an initial matter, Petitioner has not provided evidence that the Union County Clerk of Court received all of his motions and requests for documents. Petitioner's post-conviction motions that bear file stamps show that they were filed in the Union County Court on December

11, 2015, or later. (Pet'r's (unnumbered) Exs. at 31-34, 42, 43, 44, Doc. No. 7.) Petitioner's federal statute of limitations expired on December 6, 2015. Nor has he demonstrated that he was entitled to all of the documents he requested or that all the documents he requested existed. Regardless, presuming he has a constitutional or federal statutory right to the documents he was seeking, Petitioner fails to explain how his inability to obtain those documents impeded his ability to file a federal habeas petition. The Court notes Petitioner filed an MAR and petitions for writ of certiorari in the state appellate courts without them. Finally, run-of-the-mill delays by a county clerk's office in responding to inmate correspondence, gathering requested documents, or otherwise processing inmate requests do not constitute "extraordinary" circumstances warranting equitable tolling.

As for Petitioner's assertion of actual innocence, he is correct that a credible showing of actual innocence may allow a petitioner to pursue his constitutional claims on the merits notwithstanding expiration of the statute of limitations. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013). This "miscarriage of justice" exception to the statute of limitations applies only to cases "in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" Id. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner's assertion of actual innocence applies only to his guilty plea for possession of cocaine. According to Petitioner, he blacked-out while driving on June 8, 2010, due to "24 Blood Glucose Level Causing Insulin Shock and . . . Diabetic Seisure [sic]." (Resp. 4.) While

5

investigating the incident, law enforcement officers found cocaine in the vehicle Petitioner was driving. (Resp. 4.) Petitioner asserts that the owner of the vehicle was a Ms. Tammy Blackburn, that she was a passenger in the vehicle when he blacked-out while driving, that she left the scene of the accident to search for medical help, that the cocaine found in the vehicle belonged to Ms. Blackburn, that she told one of Petitioner's trial attorneys that the cocaine belonged to her, that defense counsel refused to "submit this exculpatory evidence to the court," that the court refused to hold a hearing to transcribe Ms. Blackburn's testimony, and that Ms. Blackburn died in February 2012. (Resp. 4.)

Petitioner has provided no evidence to support any of these assertions. Nor does he identify in the record where the Court could find evidence that the state court refused to have Ms. Blackburn's testimony transcribed. Notably, none of these allegations appear in any of Petitioner's other federal or state court filings presented for review in this action.

In short, Petitioner has presented no evidence of actual innocence that would entitle him to equitable tolling of the statute of limitations. His habeas Petition is untimely pursuant to § 2244(d)(1)(A) and will be dismissed as such.

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely. **FURTHERMORE**, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that

the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 19, 2016

Frank D. Whitney
Chief United States District Judge