UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-525-FDW

| | |
|---|---|
| GREGORY LYNN GORDON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUSAN R. WHITE, et al., )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Gregory Lynn Gordon, Jr.'s "Motion to Excuse Procedural Default and Prevent a Miscarriage of Justice." (Doc. No. 10.)

## I. RELEVANT BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, according to his Petition, pled guilty on June 13, 2014, in Union County Superior Court, to possession of cocaine. (Pet. 4, Doc. No. 1.) He also entered a "no contest" plea to attempted escape and admitted attaining the status of habitual felon. (Pet. 4.) He was sentenced to 101-131 months in prison. (Pet. 4.)

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in federal district court on April 29, 2016. (Pet. 22.) After conducting an initial review, this Court notified Petitioner that his habeas Petition appeared to be untimely and provided him an opportunity to explain why it should not be dismissed as such. (Doc. No. 6.) Petitioner filed a response to the Court's Order on October 3, 2016. (Doc. No. 7.)

On December 19, 2016, the Court entered an Order dismissing the Petition as untimely. (Doc. No. 8.) Judgment was entered the same day. (Doc. No. 9.) On December 20, 2016, the Clerk of Court received and docketed the instant Motion. (Doc. No. 10.)

1

Before the Court ruled on the Motion, Petitioner filed a notice of appeal in the Fourth Circuit Court of Appeals. (Doc. No. 11.) On April 25, 2017, the Fourth Circuit dismissed Petitioner's appeal. (Doc. No. 15.)

**II.    DISCUSSION**

Petitioner purportedly signed the instant Motion on December 15, 2016, before the Court entered judgment in this action. (Mot. 5, Doc. No. 10.) The Motion appears to be a follow-up to Petitioner's earlier response regarding the timeliness of his habeas Petition (Doc. No. 7). In the instant Motion, Petitioner argues that the Supreme Court's decision in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), excuses the procedural default of his ineffective assistance of trial counsel claims.

In <u>Martinez</u>, the Supreme Court held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default [of claims] of ineffective assistance at trial." <u>Id.</u> at 9. This Court, however, did not hold that Petitioner's ineffective assistance of trial counsel claims were procedurally defaulted. It held that the habeas Petition was untimely. While <u>Martinez</u> may excuse procedural default of some ineffective assistance of trial counsel claims, it does not serve to toll the statute of limitations. See <u>Lambrix v. Sec'y, Florida Dep't of Corr.</u>, 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in <u>Martinez</u> 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations.'" (citations omitted)). In other words, <u>Martinez</u> only excuses the procedural default of timely-filed ineffective assistance of trial counsel claims. Because <u>Martinez</u> has no bearing on Petitioner's habeas action, the instant Motion shall be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion to Excuse Procedural

Default and Prevent a Miscarriage of Justice" (Doc. No. 10) is **DENIED**.

    **SO ORDERED.**

Signed: August 1, 2017

Frank D. Whitney
Chief United States District Judge